## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

———————————

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                               Criminal No. 22-01582-WJ

JESSE YOUNG,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO COMPEL
## DISCLOSURE OF CONFIDENTIAL SOURCES

**THIS MATTER** comes before the Court following on Defendant's Motion to Compel

Disclosure of Confidential Sources (**Doc. 38**) and the United States' Response in Opposition (**Doc.**

**40**).[1] Upon review of the briefs and applicable law, the Court finds that the motion is not well-

taken and must be **DENIED**.

## BACKGROUND

On September 1, 2022, agents with the Drug Enforcement Administration and Federal

Bureau of Investigation executed a search warrant at Mr. Young's residence located at 1435

Atrisco Drive SW (**Doc. 1 at 3–4**). Based upon evidence recovered during the search, an

Indictment (**Doc. 16**) charged Mr. Young with (1) possession of methamphetamine with intent to

distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (2) possession of fentanyl with

intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (3) possession of a firearm

---

[1] The Court granted Defendant an extension of time until March 19, 2024, to file his Reply in support of the Motion to Compel (**Doc. 46**). But March 19th has passed, and no reply was filed.

in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (4) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924.

In part, the search warrant affidavit contained information from confidential sources (**Doc. 38 at 2; Doc. 40 at 3**). Defendant argues that the confidential sources must be named and identified (**Doc. 38**). The Government disagrees.

## DISCUSSION

Defense counsel contends that the confidential sources are central witnesses (**Doc. 38 at 4**). But the United States will not be required to call any confidential sources to prove the charges. In fact, the United States proffers they will not be calling any of these confidential sources as trial witnesses (**Doc. 40 at 9**). Thus, despite claiming this is "the quintessential example of a situation where witness credibility will be determinative of findings of guilt," **Doc. 38 at 4**, the Court is not persuaded. Candidly, this is a straightforward "tipster" case—and disclosure is not required.

### I. No Disclosure is Required Under *Brady*, *Giglio*, or Rule 16

First of all, the Court fails to see how the requested disclosure is required under either *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972). The Government is correct—*Giglio* "does not extend to non-testifying informants." **Doc. 40 at 7**.

Because no confidential sources will testify at trial, *Giglio* does not apply.

Defendant's objective appears to be finding some evidence that might undermine the validity of the search. But the requested disclosure of non-testifying confidential sources is not correctly framed as *Brady* evidence. "The Constitution does not grant criminal defendants the right to embark on a broad or blind fishing expedition among documents possessed by the Government." *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (cleaned up).

The Court finds no reason to extend the bounds of *Brady* and *Giglio* beyond their holdings. Accordingly, the Defendant's motion is without merit.

## II. No Disclosure is Required Under *Roviaro*

Although framed as a request under "Fed. R. Crim. P. 16 and *Brady*," **Doc. 38 at 1**, Defense also cites to case law specifically analyzing when the identify of confidential sources must be disclosed. *Id.* **at 4–6**. The Government pushes back—arguing "Defendant is not entitled" to the requested information (**Doc. 40 at 1**). And, helpfully, the Government cites on-point in-circuit case law to support this position.

The point of departure is *Roviaro v. United States*, 353 U.S. 53 (1957). In this case, the Supreme Court announced there is "no fixed rule with respect to disclosure." *Id.* at 62. Ultimately, a court should balance "crime charged, the possible defenses, the possible significance of the informer's testimony" as well as other relevant factors. *Id*. In so holding, the *Roviaro* Court explained there is a strong public interest in furthering effective law enforcement—so that the Government enjoys a privilege to withhold the disclosure of confidential sources. *Id.* at 59.

In this case, the confidential sources helped establish probable cause. But the information they provided was in addition to other "independent information obtained through surveillance and other investigative methods." **Doc. 40 at 3**. As the Tenth Circuit has explained, "disclosure is rarely necessary when, as here, the informant's role was only as a tipster who provided probable cause for a search." *United States v. Long*, 774 F.3d 653, 663 (10th Cir. 2014); *see also United States v. Moralez*, 908 F.2d 565, 568 (10th Cir. 1990) (same).

After balancing the *Roviaro* factors, the Court finds this is not a case that requires the disclosure of the confidential sources' identity. The Defendant's need for information (to the extent one has been articulated) does not outweigh the Government's need to protect its sources. Again,

the confidential sources are not being called as witnesses. Defense's motion does not point to any specific basis for needing to know these individuals' identities. Such a broad-sweeping assertion of "need" is insufficient to warrant disclosure. *See United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987) ("In applying the *Roviaro* standard, this court has held that mere speculation about the usefulness of an informant's testimony is not sufficient"); *see also United States v. Mirabal*, No. 13-1152, 2014 WL 12782784, at *1–2 (D.N.M. Dec. 24, 2014) (Johnson, J.) (discussing the *Roviaro* standard).

## CONCLUSION

The Court agrees with the Government—Defendant "conflates disclosure requirements applicable to testifying cooperating witnesses with the limited discovery requirements regarding confidential informants." **Doc. 40 at 7**. Defendant also selected cases from other circuits—which are equally "unavailing." *Id.* "None of the cases Defendant cites support his demand for disclosure of confidential sources under the present circumstances." *Id.* **at 8**.

For all these reasons, Defendant's Motion to Compel Government Disclosure of Confidential Sources (**Doc. 38**) must be **DENIED**.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE