IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                                                  Criminal No. 22-01582-WJ

JESSE YOUNG,

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 3 AND 4

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Counts Three and Four of the Indictment (**Doc. 37**) and the United States' Response (**Doc. 39**). Upon review of the pleadings and applicable law, the Court concludes: (1) Count Three sufficiently alleges a crime, and (2) Count Four, alleging a violation of 18 U.S.C. § 922(g)(1), is constitutional. Therefore, Defendant's motion is **DENIED**.

### BACKGROUND

Mr. Young is charged with (1) possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (2) possession of fentanyl with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (4) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* **Doc. 16**.

These charges are the result of a search warrant of Mr. Young's residence that uncovered 53.88 kilograms of actual methamphetamine, 87.4 kilograms of fentanyl, approximately $1,809,517.00 in United States currency, and 24 firearms (**Doc. 39 at 2**). Mr. Young also admitted

1

that all the contraband "belonged to him," *id.*, and that "he knew he was a convicted felon." **Doc. 1 at 4, ¶ 5**.

## DISCUSSION

Possession of a firearm in furtherance of a drug-trafficking crime requires the Government to establish the Defendant: (1) committed a drug-trafficking crime, (2) possessed a firearm in furtherance of the drug-trafficking crime. *See United States v. Basham*, 268 F.3d 1199, 1206–08 (10th Cir. 2001); *see also* Tenth Circuit Pattern Jury Instructions (Criminal) § 2.45.1 (2021 ed., last updated July 14, 2023). After reviewing the Indictment and the applicable law, the Court concludes Count Three satisfies the notice pleading requirements of Fed. R. Crim. P. 7(c).

The Court also rejects Defendant's argument in support of dismissing Count Four. The Tenth Circuit has issued controlling, binding, precedential decisions on the constitutionality of 18 U.S.C. § 922(g)(1) on its face, as applied, and under the Commerce Clause. *See infra* ¶ II. Additionally, given the numerous opinions of district courts within this circuit that already have addressed this issue over the last few years—as well as the current pendency of a case before the Supreme Court—the Court is brief in its analysis.

**I. Count Three of the Indictment Sufficiently Alleges a Crime**

Under Tenth Circuit precedent, an indictment is considered sufficient "if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (cleaned up); *see* Fed. R. Crim. P. 7(c) (outlining the requirements of an indictment).

Here, the Indictment is signed and cites to the statutes, as required. Fed. R. Crim. P. 7(c).

Next the Court looks to see if the Indictment contains the elements of the offense. *See United States v. Barrett*, 496 F.3d 1079, 1092 (10th Cir. 2007). It does. For starters, Count Three alleges that Mr. Young committed a drug trafficking crime "as charged in Count 1 . . . . and . . . as Charged in Count 2." **Doc. 16 at 2**. The first element of the offense is sufficiently alleged. Next, the Indictment alleges that Mr. Young "knowingly possessed a firearm in furtherance of a drug trafficking crime." *See* 10th Cir. Pattern Jury Instr. § 2.45.1 (2021 ed.). The second element—that "the defendant possessed a firearm in furtherance of this crime"—is also sufficiently alleged. *Id.*

The Court swiftly dismisses Defendant's argument that Count Three does not allege a crime (**Doc. 37 at 3–4**). The United States correctly points out:

> The nexus between defendant's firearms and drug trafficking is to be decided by the jury after presentation of evidence at trial. At this juncture, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the Indictment are sufficient to allege a violation of the charged offense.

**Doc. 39 at 5**. Count 3 of the Indictment includes the language of the statute and includes the place, date, and nature of the alleged illegal activity. That is all that is required. *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (explaining an indictment "need not . . . allege in detail the factual proof that will be relied upon to support the charges"); *United States v. Powell*, 767 F.3d 1026, 1031 (10th Cir. 2014) ("[A] challenge to the indictment is not a vehicle for testing the government's evidence.").

To the extent Defendant argues he needs "more definite information," the proper course of action is a bill of particulars (although such a filing here would be unsuccessful given the Indictment is sufficiently precise to provide adequate notice). *See United States v. Doe*, 572 F.3d 1162, 1176 (10th Cir. 2009); *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992).

## II. Count Four Does Not Run Afoul of the Second Amendment

In his pleading, Defendant contends § 922(g)(1) "is unconstitutional on its face and as applied." **Doc. 37 at 6**. The United States responds that this argument "is contradicted by the text of the Constitution, judicial precedent, and the historical tradition of firearms regulation." **Doc. 39 at 8**. The Court agrees with the Government—as Defendant disregards Tenth Circuit precedent[1] and misinterprets *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

The Second Amendment guarantees an individual the right to keep and bear arms—but that right is not unlimited. *See McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality opinion). In both *Heller* and *Bruen*, the Supreme Court explained the Second Amendment allows Congress to disarm persons who are not "law-abiding, responsible citizens." *Heller*, 554 U.S. at 635; *Bruen*, 597 U.S. at 70. Mr. Young is not a "law-abiding, responsible citizen." He is a convicted felon (**Doc. 37 at 2 & 8; Doc. 39 at 2 & 21**). But the Supreme Court has stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Heller*, 554 U.S. at 625. And federal courts are "bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holding." *Tokoph v. United States*, 774 F.3d 1300, 1303–04 (10th Cir. 2014). Thus, *Heller*'s dictum must be followed. *In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009). There is no Supreme Court case that casts doubt on the longstanding prohibition of firearms possession by felons.

---

[1] Defendant claims the Tenth Circuit erred in its post-*Bruen* Second Amendment analysis (**Doc. 37 at 9–10**). But this Court is bound by precedent from the Tenth Circuit. *See Millard v. Camper*, 971 F.3d 1174, 1177 (10th Cir. 2020) (reversing when "the district court's ruling contravenes binding Supreme Court and Tenth Circuit precedent"); *see also United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990). Caselaw from other jurisdictions is considered for its persuasiveness only. *See Grimland v. United States*, 206 F.2d 599, 601 (10th Cir. 1953) ("[W]e are not bound by the decisions of other courts of appeals . . . .").

Mr. Young fares no better under Tenth Circuit precedent. This Circuit has repeatedly upheld the constitutionality of firearms bans for convicted felons—both before and after *Bruen*. *See Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023) (upholding *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009)). In later cases, the Circuit has noted that *Vincent* "forecloses [Defendant's] position that the felon-in-possession statute is unconstitutional under *Bruen*." *United States v. Swan*, 91 F.4th 1052, 1059 n.7 (10th Cir. 2024); *see also United States v. Willis*, 2024 U.S. App. LEXIS 4740 (10th Cir. Feb. 29, 2024) (unpublished).

Defendant "calls for the reversal of *Vincent*" (**Doc. 37 at 10**)—something this Court cannot do. The published cases above are binding authority that leaves the Court with no wiggle room.

Put simply, there is no basis for the Court to conclude the felon-in-possession charge is unconstitutional on its face, as applied, or under the Commerce Clause.[2] To the extent this argument is made "for preservation only," like in *Willis*, the argument is noted for the record.[3]

## CONCLUSION

For the reasons stated above, the Court finds Count Three sufficiently alleges a crime and Count Four is constitutional. Defendant's Motion (**Doc. 37**) is **DENIED**.

---

[2] In his motion (**Doc. 37 at 9 n.1**), Defendant also argues § 922(g) exceeds Congress's authority under the Commerce Clause. This argument is foreclosed by *United States v. Urbano*, 563 F.3d 1150 (10th Cir. 2009); *see also United States v. Campbell*, 603 F.3d 1218, 1220 n.1 (10th Cir. 2010) (noting circuit precedent forecloses this argument).

[3] The Court also notes that the outcome of *United States v. Rahimi*, No. 22-915, *cert. granted* 143 S. Ct. 2688 (argued Nov. 7, 2023) could alter the landscape of permissible firearm regulations. In this case, the United States argued that § 922(g)(8) does not violate the Second Amendment because the history and tradition of firearm regulations in the United States allow Congress to disarm individuals who are not "law-abiding, responsible citizens." *See generally* Brief of Petitioner, *United States v. Rahimi*, No. 22-915 (2023). In opposition, Mr. Rahimi argued that the statute violates the Second Amendment on its face because the Second Amendment protects the firearm rights of all United States citizens. *See* Brief of Respondent, *United States v. Rahimi*, No. 22-915 (2023).

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE