**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JESSE LUERA YOUNG,

Petitioner,

v.

No. 22-cr-1582-KWR
No. 25-cv-0928-KWR-JMR

UNITED STATES OF AMERICA,

Respondent.

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Jesse Luera Young's failure to amend and raise a discernable claim as directed. Petitioner is a federal prisoner and is proceeding *pro se*. He initiated this case by filing a Notice of Ineffective Assistance By Counsel (CV Doc. 1) (Notice). The Notice consists of two pages and lists various of sovereign citizen phrases such as "flesh and blood man," "sui juris," "special representative and beneficiary." CV Doc. 1 at 1. *See Fitts v. Newberry*, 2023 WL 4919666, at *2 (N.D. Okla. Aug. 1, 2023) ("[C]ommon trademarks of sovereign citizens … include … claiming to be a 'settlor' or 'executor' of the person sui juris"); *Jackson v. Redman*, 2025 WL 2533498, at *2 (E.D. Okla. May 22, 2025) (rejecting similar sovereign citizen phrases).

By a Memorandum Opinion and Order entered October 23, 2026, the Court declined to grant relief based on the Notice. *See* Doc. 6 (Screening Ruling). As the Tenth Circuit explained, "[a]n individual's belief [in] h[is] status as a 'sovereign citizen' … has no conceivable validity in American law." *Charlotte v. Hansen*, 433 Fed. App'x 660, 661 (10th Cir. 2011). *See also Serpik v. Weedon,* 2024 WL 5055221, at *2 (10th Cir. Dec. 10, 2024) (affirming dismissal of claims that

"bore the hallmarks of typical sovereign citizen arguments"); *United States v. Bracken*, 2025 WL 3470848, at *2 (10th Cir. Dec. 3, 2025) (finding an appeal would be "wholly frivolous" where the requests/arguments were "indicative of the sovereign citizen movement").

The Screening Ruling explains that if Petitioner wishes to raise a claim that counsel was ineffective in his federal criminal case - as the title of the Notice suggests - he must file a 28 U.S.C. § 2255 motion. The Court mailed Petitioner a blank § 2255 motion and set a deadline of November 20, 2026 for him to file a completed motion, if he seeks relief. The Order warns that the failure to timely comply will result in dismissal without further notice.

Petitioner did not file a completed § 2255 motion or otherwise respond to the Screening Ruling. The Court will therefore dismiss this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with Orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). The dismissal will be entered without prejudice. Because the Court did not reach the merits of any claims, this case will not count as Petitioner's first § 2255 proceeding for purposes of the restrictions on second/successive filings. To the extent this ruling can be construed as a dismissal with prejudice, based on any relevant statute of limitations, the *Ehrenhaus* factors support dismissal. *See Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (when a dismissal could functionally be with prejudice, courts should consider factors such as prejudice; interference with the judicial process; the movant's culpability; prior dismissal warnings; and the efficacy of lesser sanctions). Petitioner was given instructions on how to file a formal § 2255 motion and received a warning on dismissal. Keeping the case open under these circumstances interferes with the judicial process. Ordering any Respondent to answer would cause prejudice, as the claims are unclear. It appears unlikely that additional admonishments would change the

result, and there is no indication dismissal would prejudice any colorable claims. Finally, to the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Rule 11, as the failure to prosecute is not reasonably debatable. *See DeAtley v. Williams,* 782 Fed. App'x 736, 737 (10th Cir. 2019) (requiring COA where district court dismissed habeas filing under Rule 41).

**IT IS ORDERED** that this case, including Petitioner's sovereign citizen Notice (**CV Doc. 1; CR Doc. 118**), is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and the Court will enter judgment closing this civil case.

**SO ORDERED.**

____/S/_______________________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE